# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**JIMMY & LOREAN WILLINGHAM**                                              **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 2:09-CV-59-SA-SAA**

**STATE FARM INS. CO. AND SOUTHERN**
**HOMES OF HOLLY SPRINGS, INC.**                                         **DEFENDANTS**

## MEMORANDUM OPINION

Presently before the Court is the Plaintiffs' Motion to Remand [13] this matter to the Circuit Court of the Second Judicial District of Tallahatchie County, Mississippi, pursuant to 28 U.S.C. § 1447. For the reasons stated below, Plaintiffs' motion is denied in part and granted in part.

### I. Factual and Procedural Background

Plaintiffs' home was destroyed by fire on August 9, 2006. The home and its contents were insured under a policy issued by State Farm. Plaintiffs allege that State Farm denied portions of their claim in bad faith. Plaintiffs further assert that the wrongful denial of their claim was motivated by racial animus.

Plaintiffs also claim that they contracted with Southern Homes to construct a new house, and that Southern Homes failed and/or refused to repair problems with the house that arose within the one-year warranty period.

Plaintiffs filed their Complaint in the Circuit Court of the Second Judicial District of Tallahatchie County, Mississippi, on February 23, 2009. State Farm removed the case to this Court on March 23, 2009, and Plaintiffs filed their Motion to Remand on April 22, 2009.

### II. Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant or the

defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This Court also has original jurisdiction when "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000).

Once a motion to remand is filed, the burden falls on the party seeking to maintain this Court's removal jurisdiction to show that the requirements for removal have been met. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). After removal of a case, the plaintiff may move for remand, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).

### III. Discussion

State Farm argues that this Court has subject matter jurisdiction over this case because: (1) the Plaintiffs have fraudulently misjoined a non-diverse party for the purpose of defeating diversity jurisdiction; and (2) the Plaintiffs have plead a cause of action arising under United States law.

For this Court to have subject matter jurisdiction based on § 1332, complete diversity must exist among the parties. 28 U.S.C. § 1332(a); Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (citing Strawbridge v. Curtis, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)). Additionally, for removal of this matter to be proper, none of the parties in interest properly joined

2

and served as defendants can be a citizen of the State where the action was brought. 28 U.S.C. § 1441(b).

Misjoinder of claims as a ground for denying remand was first adopted by the United States Court of Appeals for the Eleventh Circuit. Tapscott v. Miss. Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). The court found the misjoinder of claims against two groups of unrelated defendants to be "so egregious as to constitute fraudulent joinder." Id. at 1360. In light of the egregious misjoinder, the court held that it was proper to sever the claims from one another and to permit the diverse parties to remain in federal court as a properly removed case.

The Fifth Circuit has endorsed the Eleventh Circuit's reasoning, observing that "misjoinder... should not be allowed to defeat diversity jurisdiction." In re Benjamin Moore & Co., 309 F.3d 296 (5th Cir. 2002).

In a removed case, questions of fraudulent misjoinder are determined by the state's joinder rules. Palmero v. Letourneau Technologies, Inc., 542 F. Supp. 2d 499, 516 (S.D. Miss. 2008) (explaining that "[b]y utilizing the state rule 20, the district court recognizes the contours of its own jurisdiction in relation to the action as it was originally brought."); Mohamed v. Mitchell, 2006 WL 212218, at *1 (N.D. Miss. 2006) (stating that "[i]n determining whether any such egregious misjoinder has taken place in the case, Rule 20 of the Mississippi Rules of Civil Procedure applies"); Jackson v. Truly, 307 F. Supp. 2d 818, 824 (N.D. Miss. 2004) (reasoning that "since fraudulent misjoinder claims are clearly analogous to fraudulent joinder claims, and to the extent applying Mississippi Rule 20 instead of Federal Rule 20 will affect the outcome of a fraudulent misjoinder case, the Court will apply the Mississippi rule"); Sweeney v. Sherwin Williams Co., 304 F. Supp.

3

2d 868, 875 (S.D. Miss. 2004) (concluding that "Mississippi Rule 20 and supporting case law interpretations of Mississippi Rule 20 should be utilized in a fraudulent misjoinder analysis" rather than federal law).

The question before the Court, therefore, is whether "[t]here is a reasonable possibility that [a Mississippi] court would find that plaintiff's claims" are properly joined. Lollar v. Royal Trucking Co., 2009 U.S. Dist. LEXIS 60254, *6 (N.D. Miss. July 15, 2009) (quoting Conk v. Richards & O'Neil, LLP, 77 F. Supp. 2d 956, 972 (S.D. Ind. 1999)).

Rule 20 of the Mississippi Rules of Civil Procedure provides:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action.

MISS. R. CIV. P. 20(a). In order for the joinder of multiple defendants to be proper, the claims against them must (1) share common questions of law or fact; and (2) arise out of the same transaction, occurrence, or series of transactions or occurrences. Id.; Mercer v. Moody, 918 So. 2d 664, 666 (Miss. 2005) (citing Janssen Pharmaceutica, Inc. v. Bailey, 878 So. 2d 31, 46 (Miss. 2004)). "Before an alleged 'occurrence' will be sufficient to meet Rule 20(a)'s two factors, there must be a 'distinct litigable event linking the parties.'" Hegwood v. Williamson, 949 So. 2d 728, 730 (Miss. 2007) (quoting Wyeth-Ayerst Labs v. Caldwell, 905 So. 2d 1205, 1207 (Miss. 2005)).

The Mississippi Supreme Court has explained that, when determining whether a distinct litigable event links the parties, courts should consider:

> . . . whether a finding of liability for one plaintiff essentially establishes a finding for all plaintiffs, indicating that proof common to all plaintiffs is significant. The appropriateness of joinder decreases as the need for additional proof increases. If plaintiffs allege a single, primary wrongful act, the proof will be common to all plaintiffs; however, separate proof will be required where there are several wrongful

4

> acts by several different actors. The need for separate proof is lessened only where the different wrongful acts are similar in type and character and occur close in time and/or place.

Id. at 730-31 (quoting Ill. Cent. R.R. v. Gregory, 912 So. 2d 829, 834-35 (Miss. 2005)).[1] Another factor that the Court must consider is whether the proof, when presented to the jury, "would be confusing due to the multiplicity of the facts." Id. at 731 (citing Wyeth-Ayerst Labs, 905 So. 2d at 1209).

A two-car automobile accident was at issue in Hegwood v. Williamson, 949 So. 2d 728 (Miss. 2007). The plaintiff, one of the drivers, asserted claims against the other car's driver and the insurance company that insured them both. Id., at 729-30. The plaintiff had a comprehensive policy, while the defendant-driver had a liability policy. Id. at 730. After the accident, the plaintiff filed two insurance claims: one for property damage and medical payments under her own comprehensive policy, and a third-party claim for bodily injury and medical expenses under the defendant-driver's liability policy. Id. The plaintiff alleged that the adjuster on the first-party insurance claim told the adjuster on the third-party insurance claim that plaintiff had admitted to being partially at fault in the accident, which led to the wrongful denial of her claim. Id. The trial court denied the defendant-driver's motion to sever the plaintiff's claims against her from those against the insurer. On appeal, the Mississippi Supreme Court reversed. Id.

The Mississippi Supreme Court outlined the same general principles of joinder under Mississippi's Rule 20 noted above, explaining:

---

[1] Hegwood involved a dispute over the joinder of a single plaintiff's claims against multiple defendants. Id. at 729-30. Therefore, despite the fact that the quoted language contemplates joinder of multiple plaintiffs, the same considerations are applicable to joinder of multiple defendants.

> The third party tort claim against [the defendant] and the first party breach of contract and bad faith claims involve distinct litigable events. The claims against [the defendant] and [the insurer] arise out of separate allegations of wrongdoing occurring at separate times. While it is true that the genesis of both claims arose out of the accident, the two claims involve different factual issues and different legal issues. The car accident raises fact issues of how the accident occurred and legal issues of simple negligence (duty, breach of duty, proximate causation, and damages). The breach of contract and bad faith claims raise fact issues of what occurred between the two insurance adjusters and how they made their decisions and legal issues of interpretation of insurance policies and bad faith under which an award of punitive damages may or may not be appropriate. The negligence claim would be proven by different witnesses (the two drivers, eyewitnesses to the accident, law enforcement, and accident re-enactment experts) from that of the bad faith claim (insurance agents and management).

Id. at 731.

The Mississippi Supreme Court's reasoning in Hegwood is instructive as to how the case *sub judice* should be analyzed. The present case, like Hegwood, involves "separate allegations of wrongdoing occurring at separate times." Id. While both claims arguably "arose" from the fire loss of Plaintiffs' house, they involve two separate contracts and implicate distinctly different factual and legal issues. The bad faith claim asserted against State Farm involves the interpretation and application of an insurance policy, questions as to adjusters' actions, and the application of an extensive body of Mississippi law addressing the issues of bad faith and imposition of punitive and/or extra-contractual damages for the denial of an insurance claim. However, the breach of contract claim against Southern Homes involves the interpretation and application of a construction contract and factual questions as to the quality of construction. Plaintiffs' description of the construction contract as "secondary" to the insurance contract is unsupported by Plaintiffs' factual allegations. In fact, Plaintiffs have not alleged that the two claims are connected in any way other than the fact that State Farm allegedly denied payment of some post-loss expenses that were incurred when Plaintiffs were unable to move into their new house. That tenuous connection has no impact

6

on the substantive legal and factual issues of the claims as they are currently presented to the Court.

Plaintiffs' claims against State Farm and Southern Homes have been misjoined. The claims do not share common questions of law or fact. Further, the claims stem from two separate contracts, and there is no distinct litigable event linking the parties. In light of the Mississippi Supreme Court's decision in Hegwood, there is no reasonable possibility that a Mississippi court would find that Plaintiffs' claims are properly joined.

Accordingly, the Court finds that the misjoinder is sufficiently egregious to constitute fraudulent misjoinder. See Palermo, 542 F. Supp. 2d at 525 n. 7 (court held that joinder was egregious because there was no reasonable possibility that the state court would find joinder proper and, alternatively, because joinder was grossly improper, totally unsupported, and lacked any colorable basis). Further, Plaintiffs' claims against Southern Homes shall be severed and remanded. Palermo, 542 F. Supp. 2d at 525.

### IV. Conclusion

For the reasons stated above, the Plaintiffs' Motion to Remand [13] is **DENIED IN PART AND GRANTED IN PART**. Plaintiffs' claim against Southern Homes shall be **SEVERED** and **REMANDED** to the Circuit Court of the Second Judicial District of Tallahatchie County, Mississippi, but removal of Plaintiffs' claim against State Farm is proper.

The Court declines to address the issue of federal question jurisdiction. The disputed federal issue was only raised as to State Farm. As the Court has diversity jurisdiction over Plaintiffs' claims against State Farm, the issue is moot.

A separate order in accordance with this opinion shall issue this day.

**SO ORDERED** this the 27th day of August 2009.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**